**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, Appellant,**

v.

**Jimmie BECKNER, Personal Representative, Estate of Jewell Coleman, Deceased, Respondent.**

**No. 17328.**

Missouri Court of Appeals, Southern District, Division 1.

July 23, 1991.

Linda Ray–McKenna, Jefferson City, for appellant.

George A. Shaffer, Buffalo, for respondent.

CROW, Judge.

The Department of Social Services of the State of Missouri appeals from an order of the Probate Division of the Circuit Court of Dallas County denying appellant's claim against the estate of Jewell Coleman, deceased. The claim, filed pursuant to § 473.398, RSMo 1986,[1] initially demanded $1,913.97 allegedly expended by appellant on decedent's behalf for Medicaid assistance.

At the outset of the hearing in the trial court, appellant reduced the claim to $1,357.99 because, according to appellant's lawyer, "[W]e found an error in payment." Appellant then presented evidence consisting primarily of the testimony of a "Medicaid Technician II" of the Division of Medical Services who identified a formidable assembly of documents as those demonstrating the amount expended on behalf of decedent.

The witness stated each Medicaid recipient is assigned a number. The witness explained, "[B]y using that number, we go in and pull up all the claims on computer that we have paid for that number, and then I total the amounts." The witness avowed that from this data she was able to determine appellant expended $1,357.99 on behalf of decedent. The entire sum was paid to Hickory Lane Care Center, a "nursing home."

On cross-examination, it developed that the nursing home bills included charges for physical therapy. The decedent's guardian testified he never authorized physical therapy for her.

The trial court denied the claim without findings of fact or conclusions of law, none having been requested.

■ Appellant maintains the rejection of its claim was error "because there was adequate, competent and substantial documentary and testimonial evidence to show that decedent received benefits during her lifetime and that recovery of those benefits paid should have been allowed by the court."

We disagree. The documents presented the trial court by appellant included forms captioned "remittance advice" displaying a plethora of multi-digit entries and numerous patient names, a document designated "Cross–Over claims" containing similar entries, two copies of a letter from an insurance company to the nursing home, bills in the decedent's name reflecting charges for sundry services and showing payment by Medicare and coinsurance, a form captioned "nursing home claim" bearing a multitude of multi-digit entries, and a copy

---

**1.** Section 473.398.1, RSMo 1986, reads: "Upon the death of a person ... who has had moneys expended on his behalf by the ... department of social services ... the total amount ... expended upon his behalf after January 1, 1978, shall be a debt due the state ... from the estate of the decedent...."

of a check from the Treasurer of the State of Missouri to the nursing home dated May 21, 1990 (two months after the decedent's death) in the amount of $87,152.04. Nowhere in its evidence did appellant identify the entries in this mass of data purportedly confirming appellant paid the nursing home $1,357.99 on decedent's behalf. Indeed, nowhere in appellant's brief are we directed to any specific entries on any particular documents by which appellant's claim can be verified. In sum, appellant's "proof" consisted of a stack of papers and the unvarnished statement of a witness that such records documented its expenditures on decedent's behalf allegedly totaling $1,357.99.

■ Appellant, as claimant, had the burden of proof; the estate was not required to adduce evidence to defeat the claim. *Clark v. Estate of Powell*, 540 S.W.2d 236, 237[2] (Mo.App.1976). A party having the burden of proof may fail to carry that burden in a judge-tried case even if such party's proof is in part documentary and uncontradicted. *Robinson v. Powers*, 777 S.W.2d 675, 677–78[1] (Mo.App.1989).

Absent an explanation in appellant's evidence as to how its sheaf of records confirmed the amount sought, the trial court was not compelled to assume the sum demanded by appellant at trial was correct, particularly in view of appellant's confession that the figure in the original claim was some $555 too high. Appellant aptly notes in its brief: "DSS records can be quite complicated to anyone who does not have a background in the area of public assistance." That being so, the trial court could have reasonably expected appellant to identify the entries confirming its claim and demonstrate how it calculated expenditures of $1,357.99 on decedent's behalf. Without such showing, the trial court committed no error in denying the claim.

The order appealed from is affirmed.

PREWITT, P.J., and PARRISH, J., concur.