**In re Testamentary Trust of Mabel R. NITSCHE.**

Myrle Linn Nitsche, Myrle Linn Nitsche, Jr., Kevin Lee Nitsche, Carla Kay Keough and Brent Allen Nitsche, **Appellants,**

v.

**St. Clair County State Bank, Respondent.**

No. 23765.

Missouri Court of Appeals, Southern District, Division One

June 15, 2001.

John E. Price, Carnahan, Evans, Cant-well & Brown, P.C., Springfield, for appellants.

J.D. Baker, Osceola, for respondent.

PARRISH, Judge.

Myrle Linn Nitsche, Myrle Linn Nitsche, Jr., Kevin Lee Nitsche, Carla Kay Keough and Brent Allen Nitsche (collectively referred to as petitioners) appeal a judgment of the Probate Division of the Circuit Court of St. Clair County. The judgment denied petitioners' request to terminate a testamentary trust established by the will of Mabel R. Nitsche. This court affirms.

Appellate review of a judge-tried case is undertaken on the basis that a trial court's judgment will be affirmed unless there was no substantial evidence to support it, it was against the weight of the evidence, or the trial court erroneously declared or applied the law. *Pierce v. State, Dept. of Social Services,* 969 S.W.2d 814, 817 (Mo.App.1998). The judgment is to be affirmed on any reasonable theory the record on appeal supports. *Id.*

The only record filed with this court is the legal file. The judgment in that legal file acknowledges the appearance of petitioners by their attorney and the presence of the other party to the litigation, St. Clair County State Bank (the trustee), by its attorney.[1] It acknowledges the appointment of a guardian ad litem for "unborn, unknown and/or unascertained beneficiaries." The judgment declares, "[Petitioners] and Trustee agreed orally and in open court to submit the issues framed by the pleadings herein to the Court for decision based upon said pleadings and suggestions to be filed by each at a later date." It states, "Guardian Ad Litem [Michael C.] Dawson declines the opportunity to file suggestions. The Court took all issues under advisement pending receipt and review of Suggestions." The judgment states this occurred March 28, 2000.

Docket entries, copies of which are included in the legal file, disclose that suggestions were filed by the attorney for petitioners April 13, 2000, and suggestions by the attorney for the trustee April 27,

---

1. The attorney who represents petitioners in this appeal did not represent petitioners in the trial court.

2000.[2] The trial court rendered judgment June 8, 2000. It found that protected beneficiaries included "the son, grandchildren and great grandchildren (if any) of Mabel Nitsche (testator)." The trial court denied petitioners' request to terminate the trust at an earlier time than was specified by its terms.

The trial court awarded "a reasonable attorney's fee" of $650 to the trustee. Petitioners were ordered to pay that award. The order awarding attorney fees was entered June 13, 2000.

A copy of the will that established the testamentary trust is not attached to, or otherwise quoted in, the pleading on which this case was submitted to the trial court. No copy of the trust that is the subject of this appeal is included in the record on appeal. A copy of a will is included as an appendix to petitioners' opening brief. The brief states it is the will that established the trust. The trustee's brief refers to the document that is copied in the appendix to petitioners' brief as the will that established the trust and quotes from it.

■ "Documents attached to a party's brief but not contained in the legal file are not part of the record and will not be considered on appeal." *Meyers v. Southern Builders, Inc.*, 7 S.W.3d 507, 512 n. 6 (Mo.App.1999). Nevertheless, a statement of fact asserted in one party's brief and conceded as true in the opposing party's brief may be considered as though it appears in the record. *Robinson v. Empiregas, Inc. of Hartville*, 906 S.W.2d 829, 835 n. 6 (Mo.App.1995). This court considers the trustee's reference to the will (and trust provisions therein) as a concession of the document's accuracy.

The trust identified Myrle Linn Nitsche as the "income-beneficiary." The terms of the trust require the trustee to pay the income-beneficiary the income of the trust "for and during the term of his natural life." The trust provides:

After the death of the income-beneficiary, then the remaining trust estate, including both the principal and accumulated interest of said trust estate, shall be distributed in equal shares to the natural children of the income-beneficiary. That if any of the natural children of the income-beneficiary shall have predeceased the income-beneficiary with issue surviving, then the issue of the deceased child shall represent the parent *per stirpes* and take the deceased parent's share. If any child of the income-beneficiary shall predecease the income-beneficiary without issue or lineal descendants surviving, then the share of the deceased child shall drop out, thereby increasing the share of the other children, or their living descendants, of the income-beneficiary....

Paragraph 4 of the petition filed in the trial court alleged, "Myrle Linn Nitsche, Jr., Kevin Lee Nitsche, Carla Kay Keough, and Brent Allen Nitsche are all of the natural children of Myrle Linn Nitsche." A copy of a document titled, "Consent to Termination of Trust," signed by Myrle Linn Nitsche, Jr., Kevin Lee Nitsche, Carla Kay Keough and Brent Allen Nitsche is included in the legal file. Paragraph 6 of the petition asserts, "Because of the cost of administration and the low yield being earned on trust assets, and because of the desires of all of the adult beneficiaries of the trust to benefit Myrle Lynn Nitsche, all remainder beneficiaries have consented to the termination of the trust in the form

---

**2.** The docket entry erroneously characterized the trustee's suggestions as "in Support of Petition for Termination of Trust." A copy of what the trustee filed is included in the legal file entitled, "Suggestions of Law Relating to Petition for Termination of Trust."

attached hereto, executed by all of the children of Myrle Linn Nitsche." The amended answer of the trustee admits paragraph 4 but denies paragraph 6.

■ No hearing was held before the trial court. Although "the issues framed by the pleadings" were submitted for determination "upon said pleadings and suggestions," pleadings are not self-proving. *Dement v. Barton County Mut. Ins. Co.*, 945 S.W.2d 606, 608 (Mo.App.1997); *Danner v. Director of Revenue*, 919 S.W.2d 285, 287 (Mo.App.1996). Nevertheless, admission in an answer of an allegation in the opposing party's petition concedes, for the purpose of the litigation, that the allegation is true. *In re Marriage of Maupin*, 829 S.W.2d 125, 127 (Mo.App.1992).

The findings of the trial court include:

1. Section 456.590.2 R.S.Mo.[3] is applicable to the issues raised by the parties hereto. This section permits a Court to vary the terms of a private trust, to include early termination of the trust as requested by [Petitioners] in the instant case, upon petition of all the adult beneficiaries who are not disabled, "upon finding that such variation will benefit the disabled minor unborn and unascertained beneficiaries."

. . .

In the case at bar, the testator made provision for an income beneficiary, Myrle Linn Nitsche. Upon his demise, the trust assets are to be distributed to his natural, not adopted, children. . . . [T]he Nitsche Trust names an additional class of persons, by providing that if a child of the income beneficiary predeceases the income beneficiary and also leaves issue, these issue will divide their deceased parents' share. These persons are clearly a "named class" . . . and as such, a protected class under 467.590.2.

2. Returning to Section 456.590(2)[sic] RSMo. which states:

"when *all the adult beneficiaries who are not disabled consent*, the Court may, upon finding that such variation will benefit the disabled minor unborn and unascertained beneficiaries . . . provide for termination of the trust at a time earlier . . . ["]

and considering (as set out in "1" above) that the protected "beneficiaries" [4] under 456.590(2)[sic] include the son, grandchildren and great grandchildren (if any) of Mabel Nitsche (testator) and further considering that on the evidence available to it, *the Court finds that it is unable to determine who "all the adults" are* [ ] (there could be adult great grandchildren of Mabel Nitsche) for purposes of 456.590 or how it could conceivably be possible that termination of the within trust could benefit any existing or possible great grandchildren when termination would result in the payment of all corpus and income to the income beneficiary (the grandfather of these great grandchildren). [Petitioners] bear the burden of proof as to both.

(Emphasis added.)

The trial court based its judgment on two grounds, that there was no showing that all adult beneficiaries who were not

---

3. References to § 456.590.2 are to RSMo 1994.

4. Another part of the trial court's judgment quoted the definition of beneficiaries that appears in *Hamerstrom v. Commerce Bank of Kansas City*, 808 S.W.2d 434, 438 (Mo.App. 1991), " '[B]eneficiaries', as that term is used in § 456.590.2, refers to those persons, including unborn and unascertained issue, individually named or who are included in a named class, identified by the testator in the testamentary trust, and for whom the testator expressed intent to make provision."

disabled had consented and that there was no showing early termination of the trust would benefit disabled, minor, unborn and unascertained beneficiaries. It correctly observed that § 456.590.2 requires both findings in order for it to terminate the trust as petitioners requested; that petitioners bore the burden of proof on both issues.

■ Petitioners present two points on appeal. Point I is directed to the denial of the petition to terminate the trust. Point II is directed to the trial court's order allowing the trustee attorney fees. Point I asserts the trial court erred in refusing to terminate the trust because of the lack of showing that disabled, minor, unborn and unascertained beneficiaries would benefit. It contends the trial court erred because "the class of unborn or unascertained beneficiaries was adequately represented and the representatives of this class effectively consented to termination of the trust." The trial court's finding that there had been no showing that all adult beneficiaries consented to termination has not been challenged on appeal.

The record before the trial court (and the record on appeal) is not sufficient to permit determination of whether all adult beneficiaries consented to early termination of the trust. Nothing in the record was sufficient to permit the trial court to ascertain if there were adult beneficiaries other than the income beneficiary's children.[5] The trial court's denial of the petition on that basis is supported by the record on which the case was submitted. The judgment is not against the weight of the evidence. The trial court did not erroneously declare or apply the law.

A judgment must be affirmed on any reasonable theory the record on appeal supports. *Pierce*, 969 S.W.2d at 817. Point I is denied. Petitioners' challenge to the trial court's finding that there was no showing the class of unborn or unascertained beneficiaries had not been adequately represented and had consented to the termination is moot.

Point II alleges the trial court erred in awarding attorney fees to the trustee because the judgment denying the early termination of the trust was erroneous. Point II argues "reversal of that judgment requires reversal of the order granting attorney's fees, because if the trial court's judgment is reversed, there is no statutory or contractual basis upon which to base an award of attorney's fees in favor of the [trustee]." The judgment was not reversed. Point II is denied. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

5. There was no showing that there were no adult great grandchildren of Mabel Nitsche in being. If there were, such a person would be an adult beneficiary whose consent would be required in order to terminate the trust as requested by petitioners.