

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | |
| D&D DISTRIBUTORS, LLC, d/b/a | ) | |
| GREY EAGLE DISTRIBUTORS | ) | |
| and NEIL KOMADOSKI, | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | WD82003 |
| | ) | |
| MISSOURI COMMISSION ON | ) | **FILED:** July 23, 2019 |
| HUMAN RIGHTS, ALISA | ) | |
| WARREN, PH.D., IN HER | ) | |
| OFFICIAL CAPACITY AS | ) | |
| EXECUTIVE DIRECTOR OF THE | ) | |
| MISSOURI COMMISSION ON | ) | |
| HUMAN RIGHTS, and JERRY | ) | |
| HOLLOWAY, | ) | |
| Respondents. | ) | |

### Appeal from the Circuit Court of Cole County
### The Honorable Jon E. Beetem, Judge

### Before Division One: Cynthia L. Martin, P.J., and
### Victor C. Howard and Alok Ahuja, JJ.

Jerry Holloway filed a charge of discrimination with the Missouri Human Rights Commission against his former employer D&D Distributors, LLP (doing business as Grey Eagle Distributors), and against D&D's Chief Operating Officer Neil Komadoski (collectively, "Employer"). Holloway's administrative complaint alleged that Employer had engaged in acts of age- and race-based employment discrimination in violation of the Missouri Human Rights Act, ch. 213, RSMo (the "MHRA"). The Commission issued Holloway a right-to-sue letter. In response,

Employer filed a petition in the Circuit Court of Cole County, alleging that the Commission had no authority to issue Holloway a right-to-sue letter because it lacked jurisdiction over his discrimination claims. The circuit court dismissed Employer's petition with prejudice.

Employer appeals. It argues that, under amendments to the MHRA which became effective in August 2017, the Commission was required to determine its jurisdiction over Holloway's discrimination claims before issuing him a right-to-sue letter. Employer also argues that the Commission lacked jurisdiction over Holloway's claims because he filed those claims too late, and because some of his claims were preempted by federal labor laws. We conclude that the 2017 MHRA amendments do not apply here, because the Commission issued Holloway a right-to-sue letter, and terminated its administrative proceeding, before the 2017 amendments became effective. Under the law in effect prior to the 2017 amendments, as interpreted in *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, 527 S.W.3d 837 (Mo. 2017), the Commission was required to issue Holloway a right-to-sue letter whether it had made a jurisdictional determination or not, once Holloway requested a letter more than 180 days after the filing of his administrative complaint. Because the Commission acted lawfully in issuing the right-to-sue letter, we affirm the circuit court's dismissal of Employer's petition.

**Factual Background**

Holloway started working for Employer in July 1982 as a truck driver. While working as a truck driver, Holloway was a member of a collective bargaining unit represented by the International Brotherhood of Teamsters. In September 2007, Holloway was promoted to a position in the marketing department. While working in the marketing department, Holloway was not a member of the union.

2

In August 2015, Holloway was informed that his marketing position was being eliminated. Employer told Holloway that he could apply for another job within the company. Holloway applied for other jobs with Employer; he also requested that he be permitted to exercise his union seniority rights and return to his previous position as a truck driver. Holloway was advised that no other position with the Employer was available. Employer also informed him that he had forfeited his seniority rights under the collective bargaining agreement when he resigned as a truck driver to take a position outside the bargaining unit. Because Holloway was not selected for another position with Employer, and was not permitted to return to his previous job, his employment terminated in August 2015.

On February 12, 2016, Holloway filed a charge of discrimination against Employer with the Missouri Human Rights Commission. In his charge, Holloway claimed that his race and age were contributing factors in Employer's refusal to allow him to return to his previous job as a truck driver, and in Employer's decision to terminate his employment.

Employer submitted a response to Holloway's charge. Among other things, Employer alleged that Holloway's claims of discrimination relating to the termination of his employment were time-barred, because Holloway was informed that his employment would be terminated on August 6, 2015, but did not file his administrative charge until 190 days later. Employer also argued that Holloway's claim of discrimination relating to its refusal to permit him to return to a job as a truck driver was preempted by federal labor law, because that claim would require the Commission to interpret the terms of Employer's collective bargaining agreement with the Teamsters union. Because of these purported "jurisdictional deficiencies," Employer alleged that the Commission was barred from issuing Holloway a right-to-sue letter.

In March 2017 – more than a year after the filing of his administrative complaint – Holloway requested that the Commission issue him a right-to-sue letter. The Commission acceded to Holloway's request and issued him a right-to-sue letter on March 29, 2017. The letter stated in part:

> The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.
>
> This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. . . . Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. . . .
>
> . . . This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. . . . **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

On April 28, 2017, Employer filed a petition for writ of mandamus, judicial review, and declaratory judgment in the Circuit Court of Cole County, naming the Commission, its Executive Director in her official capacity, and Holloway as respondents. Employer argued that the Commission and Director had erred in issuing Holloway a right-to-sue letter because the Commission lacked jurisdiction over Holloway's claims because the claims were untimely, and were preempted by federal law. The circuit court issued a preliminary order in mandamus requiring the respondents to answer Employer's petition. After briefing and oral argument, the circuit court issued its judgment quashing the preliminary writ and dismissing the petition with prejudice. The court concluded that, because the Commission did not render a decision within 180 days of the filing of Holloway's administrative complaint, and because he had requested a right-to-sue letter, the Commission was required by statute to issue the letter.

Employer appeals.

4

While this proceeding was pending in the Circuit Court of Cole County, Holloway filed a race and age discrimination lawsuit against Employer in the Circuit Court of St. Louis County on June 26, 2017. *Holloway v. D&D Distrib., L.L.L.P. et al.*, No. 17SL-CC02285. That action remains pending. In its First Amended Answer to Holloway's petition in the discrimination case, Employer alleged as affirmative defenses that the Commission lacked jurisdiction to issue Holloway a right-to-sue letter because his administrative complaint was untimely, and that any claim concerning his request to return to a truck driver position was preempted by federal labor laws. These are precisely the same jurisdictional arguments which Employer seeks to raise in this proceeding.

## Standard of Review

"An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." "An appellate court reviews the denial of a petition for a writ of mandamus for an abuse of discretion. An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes." But we review questions of law *de novo.* Thus, we review *de novo* the legal question of whether the court may direct the [Commission] to determine its authority or jurisdiction to process a complaint before issuing a right-to-sue letter when the 180-day window following the complaint has passed and the complainant requests a right-to-sue letter.

Likewise, "[w]e review the dismissal for failure to state a claim upon which relief can be granted *de novo.*" In doing so, we review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action." "In order to avoid dismissal, the petition must invoke substantive principles of law entitling plaintiff to relief and . . . ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial."

*Bi-State Dev. Agency of Mo.-Ill. Metro. Dist. v. Warren*, No. WD81922, 2019 WL 2178590, at *3–4 (Mo. App. W.D. May 21, 2019) (citations omitted).

5

**Discussion**

Employer raises two Points on appeal, both of which argue that the circuit court erred in dismissing its petition because Employer stated claims for mandamus, judicial review, and a declaratory judgment. We address Employer's two Points together.

The MHRA authorizes the Commission "[t]o receive, investigate, initiate, and pass upon complaints alleging discrimination in employment." § 213.030.1(7).[1] The Act authorizes "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" to "make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination." § 213.075.1. The statute provides that, after receiving the complaint, the Commission shall "promptly investigate the complaint" to determine whether "probable cause exists for crediting the allegations of the complaint." § 213.075.3. "[I]f the director determines after the investigation that probable cause exists for crediting the allegations of the complaint, the executive director shall immediately endeavor to eliminate the unlawful discriminatory practice complained of by conference, conciliation and persuasion . . . ." *Id.*

The MHRA permits a complaining party to terminate an administrative proceeding if the Commission fails to complete its processing of a discrimination charge in a timely fashion; in that event, the complainant may then file a civil action concerning the discriminatory practice. Section 213.111.1 provides in relevant part:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice [in employment] . . ., the commission has not completed its administrative processing and the

---

[1]     Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, as updated through the 2018 Cumulative Supplement. With the exception of § 213.075.1, none of the statutory language quoted in this opinion was altered by the 2017 amendments to the MHRA.

6

person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint. . . . Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. . . . Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

In *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, 527 S.W.3d 837 (Mo. 2017), the Missouri Supreme Court addressed – and rejected – arguments identical to those made by Employer in this case. In *Tivol*, two individuals filed administrative complaints with the Commission, alleging unlawful discrimination in employment. Like here: the Commission did not conclude its investigations within 180 days; the employees requested right-to-sue letters; and the Commission issued those letters, noting that it had not made any jurisdictional determinations. Like Employer here, in *Tivol* the complainants' employers filed suit to challenge the Commission's issuance of the right-to-sue letters. Like Employer, the employers in *Tivol* argued that the Commission lacked jurisdiction to issue the right-to-sue letters because the employees' charges of discrimination were untimely.

The Missouri Supreme Court held in *Tivol* that the Commission had acted properly under the express and unambiguous language of § 213.111.1. The Court reasoned that, once 180 days had passed after the filing of an administrative complaint, and the complaining party requested a right-to-sue letter, the Commission was required to cease its administrative processing, and issue the right-to-sue letter – whether or not the Commission had yet made a jurisdictional determination.

> If 180 days have passed since the complaint was filed without the MCHR completing its administrative processing, and the employee requests a right-to-sue letter, section 213.111.1 expressly requires the MCHR to issue the letter. At that point, section 213.111.1 is explicit:

"Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint."

That is what happened here. In both cases, more than 180 days after they were filed, the employees' complaints were still pending and each requested a right-to-sue letter. In compliance with section 213.111.1, the MCHR immediately stopped processing the complaints and issued right-to-sue letters although it had not yet determined whether it had jurisdiction over some or all of the claims. The statute is explicit that the MCHR had no authority to process these employees' complaints further. § 213.111.1.

. . . .

. . . [Because] 180 days had elapsed, . . . the MCHR was required to issue the right-to-sue letters to the employees and terminate all proceedings related to their complaints pursuant to section 213.111.1 even though it had not yet determined its jurisdiction. At that point, the MCHR had no statutory authority to make any findings of fact related to the complaints, implicitly or otherwise, including whether they had been timely filed.

527 S.W.3d at 844, 845 (footnote omitted).

*Tivol* forecloses Employer's claims: under *Tivol*, the Commission was not required to determine its own jurisdiction before issuing the right-to-sue letter Holloway requested, and lacked the authority to make such a determination once 180 days had passed and a request was made. As we explained in a more recent decision:

*Tivol Plaza* makes clear that the MCHR has no obligation to make a determination regarding its jurisdiction or authority before issuing a right-to-sue letter, and if it has not made a determination before 180 days have passed and a right-to-sue letter is requested, the MCHR's decision to issue the right-to-sue letter is not only lawful but also mandated by the MHRA and its implementing regulations.

*Bi-State Dev. Agency*, 2019 WL 2178590, at *7.

To avoid this result, Employer relies on language which was added to § 213.075.1 in amendments which became effective on August 28, 2017. *See* S.B. 43, 99th Gen. Assembly, 1st Sess. (2017). The language added to § 213.075.1 specifies that the timely filing of an administrative charge of discrimination is "a

8

jurisdictional condition precedent to filing a civil action under this chapter." The newly added text continues:

> The failure to timely file a complaint with the commission shall deprive the commission of jurisdiction to investigate the complaint. ***The commission shall make a determination as to its jurisdiction with respect to all complaints.*** Notwithstanding any other provision of this chapter to the contrary, ***if a complaint is not filed with the commission within one hundred eighty days of the alleged act of discrimination, the commission shall lack jurisdiction to take any action on such a complaint other than to dismiss the complaint for lack of jurisdiction***. The failure to timely file a complaint with the commission may be raised as a complete defense by a respondent or defendant at any time, either during the administrative proceedings before the commission, or in subsequent litigation, regardless of whether the commission has issued the person claiming to be aggrieved a letter indicating his or her right to bring a civil action and regardless of whether the employer asserted the defense before the commission.

§ 213.075.1 (emphasis added).

The amendments to § 213.075.1 on which Employer relies did not become effective until August 28, 2017. All of the relevant events in this case occurred before the new version of § 213.075.1 took effect. Thus, before August 28, 2017: Holloway's employment with Employer was terminated; Holloway filed his administrative charge of discrimination with the Commission; more than 180 days expired without the Commission making a jurisdictional determination or concluding its processing of Holloway's complaint; Holloway requested a right-to-sue letter; the Commission issued Holloway a right-to-sue letter; Holloway filed his discrimination lawsuit in the Circuit Court of St. Louis County; and Employer filed its action in the Circuit Court of Cole County, challenging the issuance of the right-to-sue letter.

The amended version of § 213.075.1 does not apply to the Commission's issuance of a right-to-sue letter to Holloway.

9

Amendments to statutes are presumed to operate prospectively, but there are two exceptions: (1) if the legislature clearly expresses an intent that the amendment be given retroactive application, either in the express language of the act or by necessary implication; or (2) the statute is merely procedural or remedial, rather than substantive.

*Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 795 (Mo. App. W.D. 2018) (citation omitted).[2] Employer does not argue that the legislature expressed an intent that the amendment to § 213.075.1 be given retroactive application. Instead, it argues that the amendment was a procedural or remedial change, which should be applied to this pending proceeding.[3] The Commission disputes that characterization; it relies on decisions addressing the retroactivity of other 2017 amendments to the MHRA to contend that the amendments to § 213.075.1 are substantive, and can only apply prospectively.[4]

Employer would not prevail even if the 2017 amendments to § 213.075.1 were labeled "procedural," because it seeks to invalidate a right-to-sue letter which had been issued, and the result of an administrative proceeding which had concluded, before the statutory amendments ever became effective. Even if a new statute is properly characterized as "procedural" or "remedial," it will not be applied to

---

[2]    Even if the legislature has clearly expressed its intent that a new statute apply retroactively, application of the statute must nevertheless also comply with the prohibition of laws "retrospective in [their] operation" found in Article I, § 13 of the Missouri Constitution. *Mo. Real Est. Comm'n v. Rayford*, 307 S.W.3d 686, 697–99 (Mo. App. W.D. 2010).

[3]    The Missouri Supreme Court has explained that:

[p]rocedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights. The distinction is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.

*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 769 (Mo. 2007) (citations and internal quotation marks omitted).

[4]    *See Bram*, 564 S.W.3d at 794–96 (holding that the 2017 modification of the causation standard required to establish a discrimination claim was a substantive change which applied prospectively only); *Gilberg v. Associated Wholesale Grocers, Inc.*, No. 6:15-CV-03365, 2018 WL 3614982, at *8–9 (W.D. Mo. July 27, 2018) (same).

10

invalidate actions which have previously been taken in a proceeding.  Thus, in *State ex rel. Atmos Energy Corp. v. Public Service Commission*, 103 S.W.3d 753 (Mo. 2003), the Missouri Supreme Court held that a new statute which changed the procedures for notices of proposed rulemaking by administrative agencies would not be applied in a case seeking judicial review of a final rule, where the agency's notice of proposed rulemaking had been issued <u>before</u> the new statute became effective.  The Court explained:

> Because section 536.016 applies solely to an agency's proposal of rules, and because the PSC proposed the rules prior to the statute's effective date, the statute is relevant only if it has retrospective application.  We hold that it does not.  As far back as 1909 this Court held that, "If, before final decision, a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings.  But the steps already taken, the status of the case . . . and all things done under the late law will stand unless an intention to the contrary is plainly manifested[.]"  *Clark v. Kansas City, St. L. & C.R. Co.*, 219 Mo. 524, 118 S.W. 40, 43 (1909).  An intent to apply section 536.016 retrospectively cannot be gleaned from the statute.

103 S.W.3d at 762 (other citations omitted).

Similarly, in *Pierce v. State Department of Social Services*, 969 S.W.2d 814 (Mo. App. W.D. 1998), this Court refused to apply a new procedural statute which gave a circuit court discretion to reduce the Department of Social Services' recovery on a Medicaid lien in a personal-injury action, because the circuit court had entered final judgment *before* the new statute became effective.  In an opinion by Judge Breckenridge, the Court explained:

> Generally, procedural or remedial statutes are "applicable to all pending cases – that is, those cases not yet reduced to a final, unappealable judgment."  Procedural or remedial amendments do not apply, however, to any part of a proceeding completed prior to the effective date of the amendment.  *State v. Thomaston*, 726 S.W.2d 448, 462 (Mo.App.1987).  "[T]he steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law will stand unless an intention to the contrary is plainly manifested; and pending cases are only affected by

11

general words as to future proceedings from the point reached when the new law intervened." *Clark v. Kansas City, St. L. & C.R. Co.*, 219 Mo. 524, 118 S.W. 40, 43 (1909).

> The amendment to § 208.215 became effective on August 28, 1996, after judgment had been entered and the Estate filed its notice of appeal. Although the case was pending when the statute became effective, application of § 208.215.9 would require this court to remand the case for a redetermination of issues already resolved by the trial court, and thus would invalidate what has already been done. Therefore, even though § 208.215.9 is remedial, it cannot be applied in this cause.

969 S.W.2d at 823 (other citations and footnote omitted).

At the time the Commission issued Holloway his right-to-sue letter, the amended version of § 213.075.1 was not yet in effect. Under the statute in effect at the time, as interpreted in *Tivol*, the Commission was required to terminate its processing of Holloway's claim, and issue him a right-to-sue letter, as soon as he requested a letter more than 180 days after filing his administrative charge. Indeed, under the law in effect in March 2017 when the right-to-sue letter was issued, it would have been error for the Commission to make a jurisdictional determination on Holloway's claim, in response to his request for a right-to-sue letter. As in *Pierce*, applying the new version of § 213.075.1 in this case "would require this court to remand the case for a redetermination of issues already resolved . . ., and thus would invalidate what has already been done." 969 S.W.2d at 823. We will not apply the new version of § 213.075.1 to a right-to-sue letter which had already issued, and a Commission administrative proceeding which had already concluded, before the amended statute took effect.

Employer argues that it is not seeking to apply the new version of § 213.075.1 to action of the Commission which took place before the new statute became effective; instead, Employer maintains that it is seeking to apply the new statute in the proceeding *in the circuit court*, which was active and pending at the time the statutory amendment took effect. We are unpersuaded. Whether pleaded as a

12

claim for a writ of mandamus, for judicial review, or for declaratory relief, all of Employer's claims plainly seek review of the action of the Missouri Human Rights Commission in issuing Holloway a right-to-sue letter. Thus, Employer's petition alleged that, because "[i]ssuance by MCHR of a notice of right to sue under these circumstances was improper and unlawful," "[a]ccordingly, [Employer] [filed its petition in order to] appeal the administrative decision reflected in" the right-to-sue letter. Employer prayed that the circuit court issue a writ of mandamus to require the Commission "to withdraw and vacate their Right-to-Sue Letter," reverse the Commission's issuance of the right-to-sue letter, and/or declare the letter "to be null, void and of no effect, unlawful, invalid and unconstitutional." Plainly, Employer asked the circuit court "to examine and correct the agency decision, but not to form a plenary judgment as by a court of general and original jurisdiction." *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520, 523 (Mo. App. W.D. 1990) (citations omitted).[5]

The fact that Employer seeks to apply the new version of § 213.075.1 to the action of the Commission is also inherent in the nature of the new statute itself. The new language added to § 213.075.1 imposes a new obligation *on the Commission* (to make a jurisdictional determination with respect to every charge of discrimination filed with it), and imposes a new prohibition *on the Commission* (denying it the authority to take any action on a complaint over which it lacks

---

[5] This principle is inherent in the concept of "judicial review":

In Black's Law Dictionary, Fourth Edition, the word 'review' is defined: 'To reexamine judicially. A reconsideration; second review or examination; revision; consideration for purposes of correction. Used especially of the examination of a cause by an appellate court.' And in Webster's Third New International Dictionary, the word 'review' is defined as, 'to re-examine judicially.' The phrase, 'judicial review,' as used in the sections under consideration, is obviously intended to have a meaning similar to the word 'appeal,' and in Black's, supra, it is said that 'an 'appeal' is a step in a judicial proceeding, and in legal contemplation there can be no appeal where there has been no decision by a judicial tribunal.'

*State ex rel. State Bd. of Registration for Healing Arts v. Elliott*, 387 S.W.2d 489, 492 (Mo. 1965).

13

jurisdiction, other than to dismiss the complaint).  The new statutory language is not directed to the circuit court, but to the Commission.  And, as we have explained above, all relevant action of the Commission occurred _before_ the new statutory language was even operative.  While Employer's review proceeding may have been pending in the circuit court at the time the new statute became effective, the fact remains that the _relevant_ proceeding – the one *before the Commission* – had concluded months earlier.

## Conclusion

We affirm the judgment of the circuit court, which quashed the preliminary writ of mandamus and dismissed Employer's petition seeking review of the Commission's issuance of Holloway's right-to-sue letter.[6]

Alok Ahuja, Judge

All concur.

---

[6]    Employer argues that, if this Court concludes that the current action was properly dismissed, we should nevertheless declare that Employer may raise its jurisdictional arguments as a defense in the discrimination lawsuit pending in the Circuit Court of St. Louis County.  We decline to issue what would amount to an advisory opinion, directed at collateral proceedings pending in another court.

14