

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN THE MATTER OF THE VERIFIED APPLICATION AND PETITION OF LACLEDE GAS COMPANY TO CHANGE ITS INFRASTRUCTURE SYSTEM REPLACEMENT SURCHARGE IN ITS LACLEDE GAS SERVICE TERRITORY; | ) ) ) ) ) ) ) ) ) ) |
| | WD79349 |
| | |
| | OPINION FILED: |
| | September 27, 2016 |
| MISSOURI GAS ENERGY; | ) ) |
| USW LOCAL 11-6; | ) ) |
| MISSOURI PUBLIC SERVICE COMMISSION, | ) ) ) ) |
| Respondents, | ) ) |
| v. | ) ) |
| OFFICE OF PUBLIC COUNSEL, | ) ) |
| Appellant. | ) |

### Appeal from the Public Service Commission

Before Division Two:  James E. Welsh, Presiding Judge, Cynthia L. Martin, Judge and Gary D. Witt, Judge

The Office of Public Counsel ("OPC") appeals the Missouri Public Service Commission's ("Commission") order approving the petition of Laclede Gas Company ("Laclede Gas") to change its Infrastructure System Replacement Surcharge ("ISRS"). Laclede Gas submitted two ISRS petitions on August 3, 2015, one for Laclede Gas and one for its operating unit, Missouri Gas Energy ("MGE"), (collectively "Laclede"). The petitions contained proposed rate schedules and supporting documentation for eligible infrastructure investments for March 1, 2015 through June 30, 2015. The petitions also contained requests for rate increases based on estimated expenditures for July and August 2015 with no supporting documentation. The OPC contends that the Commission's order granting the petitions was unlawful because it could not award Laclede recovery for the July and August expenditures because the required documentation was not provided at the time the petitions were filed. We affirm.

**Procedural and Factual Background**

Laclede is a natural gas provider which operates as Laclede Gas in Eastern Missouri and MGE in Western Missouri. Both operate as a "gas corporation" and "public utility" under section 386.020.[1] Both are subject to the jurisdiction of the Commission, as provided in Chapters 386 and 393. The Commission is a state administrative agency responsible for the regulation of public utilities in Missouri, including gas corporations, pursuant to sections 386.040 and 386.250(1). *State ex rel. MoGas Pipeline, LLC v. Mo. Pub. Serv. Comm'n*, 366 S.W.3d 493, 496 (Mo. banc 2012). The Commission has a staff ("Staff")

---

[1] All statutory citations are to RSMo 2000 as currently updated, unless otherwise noted.

charged with representing the Commission and state in all Commission investigations, contested cases, and other proceedings, unless it timely files a notice of intention not to participate in proceedings. The OPC is a state agency that, in its discretion, represents consumers in utility proceedings before the Commission and in appeals of Commission orders. *Office of Pub. Counsel v. Empire Dist. Elec. Co.*, 307 S.W.3d 220, 221 (Mo. App. S.D. 2010); sections 386.700 and 386.710.

The ISRS statutes authorize a method for gas corporations to recover the cost of certain government-mandated infrastructure system replacement projects outside of a general rate case. *See* sections 393.1009, 393.1012, 393.1015. On August 3, 2015, Laclede filed separate ISRS petitions for Laclede Gas and MGE seeking to recover certain infrastructure investments made during the period from March 1 through June 30, 2015, as well as estimated infrastructure replacement costs through August 31, 2015 (collectively "Petitions"). The Petitions included necessary supporting documentation for the work completed through June 30, 2015. The replacement costs for July and August, 2015 were estimates and did not include supporting documentation for those costs. The July estimated costs were revised and supported by documentation in a supplemental filing on August 14. The August estimates were revised and supported by documentation in supplemental filings on September 14 by Laclede Gas, and September 15 by MGE.

OPC requested a hearing on the ISRS Petitions alleging, *inter alia*, that Laclede was not entitled to recover for the July and August costs because they were not properly documented at the time the Petitions were filed on August 3, 2015. A hearing was held on October 15, 2015 ("Hearing"). Following the Hearing, the Commission found that the use

of estimated costs supported by later submitted documentation was not a violation of the ISRS statutes or regulations. The Commission's Staff was able to fully review the Petitions and determine their validity prior to its report submission deadline to the Commission. Finally, the Commission found that OPC failed to make an effort to seek discovery of any July and August projects or otherwise challenge those projects and was thus not prejudiced by any late amendments to the Petitions.

On November 12, 2015, the Commission issued its Report and Order ("Report and Order") granting to Laclede Gas and MGE the requested ISRS tariff changes with some modifications based on issues raised by the Commission's Staff and OPC.

OPC filed an Application for Rehearing on both Petitions on November 30, 2015, and the Commission issued its order denying each on December 16, 2015. This appeal followed.

## Discussion

OPC raises three issues on appeal, all related to the Commission's inclusion of recovery for the July and August infrastructure projects in the Petitions.

### Standard of Review

"This Court reviews the decision of the PSC rather than that of the circuit court." *State ex rel. Praxair, Inc. v. Missouri Pub. Serv. Comm'n*, 344 S.W.3d 178, 184 (Mo. banc 2011). Appellate review of a PSC order is two-pronged: first, to determine whether the PSC's order is lawful; and second, to determine whether the PSC's order is reasonable. [*State ex rel. MoGas Pipeline, LLC v. Mo. Pub. Serv. Comm'n*]*, 366 S.W.3d [493,] 495–96; see also* section 386.510. The appellant bears the burden of proof to demonstrate that the PSC's order is unlawful or unreasonable. *State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n of State,* 120 S.W.3d 732, 734 (Mo. banc 2003); section 386.430, RSMo 2000. The lawfulness of the PSC's order is determined "by whether statutory authority for its issuance exists, and all

4

legal issues are reviewed *de novo*." *Office of Public Counsel v. Missouri Pub. Serv. Comm'n,* 409 S.W.3d 371, 375 (Mo. banc 2013) (quoting *AG Processing, Inc.,* 120 S.W.3d at 734). This Court need not reach the issue of the reasonableness of the PSC's order if it finds the order unlawful. *MoGas Pipeline, LLC,* 366 S.W.3d at 496. The PSC's order is determined to be reasonable when "the order is supported by substantial, competent evidence on the whole record; the decision is not arbitrary or capricious[;] or where the [PSC] has not abused its discretion." *Id.* (quoting *Praxair, Inc.*, 344 S.W.3d at 184).

*In Matter of Verified Application & Petition of Liberty Energy (Midstates) Corp.*, 464 S.W.3d 520, 523–24 (Mo banc 2015).

## I.

OPC's first point on appeal alleges that the Commission erred in approving increases to Laclede's ISRS Petitions because Laclede failed to comply with the filing requirements of Section 393.1015 and 4 CSR 240-265(20), rendering the Commission's judgment both unlawful and unreasonable. We begin with the question of lawfulness.

OPC claims that the plain language of the ISRS statutes and applicable regulations require that, at the time an ISRS petition is filed, the utility supports its petition with all supporting documentation in final form. Although Laclede presented supporting documentation for the Petitions, OPC claimed that because the projects for July and August were not fully documented, were based upon budgeted[2] amounts at the time of the filing of the Petitions, and actual costs were not submitted until later, Laclede was in violation of

---

[2] The parties debate the term used to describe the July and August information provided by Laclede at the time the Petitions were filed. Laclede characterize the documentation as *proforma* estimates of the ISRS investments for the months of July and August. The OPC characterize the Petitions as containing no supporting documentation but instead only including cost estimates for the two months in question. We will use the term "budgeted" information throughout this opinion to describe the July and August documentation provided by Laclede.

the statute and regulations, barring recovery for those two months. Laclede responded, and the Commission agreed, that nothing in the statutes or regulations prevents budgeted information from being used at the time of a petition filing, updated later with actual costs, so long as an appropriate review of the ISRS petition is permissible. The Commission found that "[s]o long as Staff has sufficient time to perform an effective review of ISRS eligibility within the sixty days allowed by the ISRS statute, the budgeted July and August documents, along with actual expense records provided after the filing of the petitions are acceptable."

> Section 393.1015.1(1) requires that:
>
> At the time that a gas corporation files a petition with the commission seeking to establish or change an ISRS, it shall submit proposed ISRS rate schedules and its supporting documentation regarding the calculation of the proposed ISRS with the petition, and shall serve the office of public counsel with a copy of its petition, its proposed rate schedules, and its supporting documentation.

The Commission's rules establishing what constitutes "supporting documentation" is established in 4 CSR 240-3.265(20), which mirrors the requirements of section 393.1015.1(1), and then states that "at a minimum" an ISRS petition "shall include" a list of twelve types of documentation. Most applicable in this appeal are subsections (K) and (L), which state:

> (K) For each project for which recovery is sought, the net original cost of the infrastructure system replacements (original cost of eligible infrastructure system replacements, including recognition of accumulated deferred income taxes and accumulated depreciation associated with eligible infrastructure system replacements which are included in a currently effective ISRS), the amount of related ISRS costs that are eligible for recovery during the period in which the ISRS will be in effect, and a breakdown of those costs

6

identifying which of the following project categories apply and the specific requirements being satisfied by the infrastructure replacements for each:

. . . .

(L) For each project for which recovery is sought, the statute, commission order, rule, or regulation, if any, requiring the project; a description of the project; the location of the project; what portions of the project are completed, used and useful; what portions of the project are still to be completed; and the beginning and planned end date of the project.

OPC argues that the use of the phrase "[f]or each project for which recovery is sought" makes clear that, *all* supporting documentation must be submitted at the time of the petition, not simply a substantial portion. To determine the legality of the Report and Order, we must determine whether the ISRS statutes and regulations prohibit budgeted cost expenditures from being used in supporting documentation. We find they do not.

The purpose of the information provided to the Commission in the ISRS petition is so that the Staff "may scrutinize the petitioning gas corporation's information to confirm the costs are in accordance with the ISRS code provisions and confirm the proposed charges are calculated properly." *Liberty Energy Corp.*, 464 S.W.3d at 522.[3]

"Missouri courts have long recognized that when the decision involves the exercise of regulatory discretion, the [Commission] is delegated a large amount of discretion, and 'many of its decisions necessarily rest largely in the exercise of a sound judgment.'" *State ex rel. Sprint Mo., Inc. v. Pub. Serv. Comm'n*, 165 S.W.3d 160, 164 (Mo. banc 2005) (quoting *State ex rel. Dyer v. Pub. Serv. Comm'n*, 341 S.W.2d 795, 802 (Mo. 1960)). "Under these circumstances, the reviewing court will not substitute its judgment for that of

---

[3] We recognize that the OPC takes issue with the characterization that it is only the Commission Staff that has a duty to scrutinize an ISRS petition. However, because the role of the OPC within an ISRS case is at issue in OPC's second point on appeal, we will delay discussion.

7

the [Commission] on issues within the realm of the agency's expertise." *Id.* However, this Court exercises independent judgment regarding the Commission's interpretation of a statute and must correct erroneous interpretations of law. *State ex rel. Union Elec. Co. v. Pub. Serv. Comm'n*, 399 S.W.3d 467, 477 (Mo. App. W.D. 2013). The PSC "is a body of limited jurisdiction and has only such powers as are expressly conferred upon it by the Statutes and powers reasonably incidental thereto." *State ex rel. Cass Cty. v. Pub. Serv. Comm'n*, 259 S.W.3d 544, 547 (Mo. App. W.D. 2008). "Neither convenience, expediency or necessity are proper matters for consideration in the determination of whether or not an act of the commission is authorized by statute." *Id.* at 548. "Once an agency exercises its discretion and creates the procedural rules under which it desires to have its actions judged, the agency denies itself the right to violate those rules." *Fowler Land Co., Inc. v. Mo. Dep't of Nat. Res.*, 460 S.W.3d 502, 507 (Mo. App. S.D. 2015). Yet, "[s]ome deference . . .is appropriate when the issue involves an agency['s] interpretation of its own regulation." *Collins v. Dep't of Soc. Serv., Family Support Div.*, 141 S.W.3d 501, 504 (Mo. App. S.D. 2004). This does not mean that the Commission has the authority to exercise discretion when a statute is unambiguous or to ignore its own rules.

OPC argues that section 393.1015.1(1) only allows for ISRS costs that are properly documented at the time of the petition to be considered by the Commission. The statute states that "[a]t the time that a gas corporation files a petition . . . it shall submit . . . its supporting documentation . . . ." Section 393.1015.1(1). The OPC takes the position that the statute leaves no room for supplementing the petition at a later time to submit additional documentation. It also argues that this position is supported by the Commission's rules,

8

found in 4 CSR 240-3.265(20), which require that the supporting documentation contain "at a minimum" a laundry list of information, including certain costs associated with "each project for which recovery is sought." *See* 4 CSR 240-3.265(20)(K) and (L). Specifically, OPC notes that while the Commission found that Laclede had complied with the requirements of 4 CSR 240.3.265(20)(L), it made no mention of the requirements of subsection (20)(K).

A review of the exhibits provided with the Petitions demonstrate that, while the information provided for July and August constituted the budgeted amount, the Petitions substantially complied with the statute and regulations to provide information sufficient for the Staff and OPC to begin its review. There is nothing in the rules that prevent the supporting documentation in the Petitions to be updated as information becomes available. In fact, the testimony of both the Staff and OPC indicated that, as a normal part of the review procedure, supplemental material is provided by the utility to support its petition.

Certainly, the language of section 393.1015 states that an ISRS petition must include documentation at the time of filing and sets forth a list of the information to be included. Laclede provided that information to the extent and in the form then available. As the Commission notes, section 393.1015.11 directs the Commission to develop rules to implement the ISRS recovery process, "but only to the extent such rules are consistent with, and do not delay the implementation of," the statutory provisions. To hold the Commission to the OPC's interpretation of 4 CSR 240-3.265(20)--that no supplemental information can be given past the petition filing--would be inconsistent with the mandate of subsection 11 of 393.1015.

9

We are not persuaded that the limited nature and time period for an ISRS case, in and of itself, necessarily requires a finding that it may not contain a "true-up" period similar to that performed in a general rate case.  OPC cites to Commission's comments in its *Final Order of Rulemaking* published in conjunction with the regulations set forth in 4 CSR 240-3.265.  The Commission noted that the ISRS statute:

> does not permit sufficient time to allow for a thorough review of the petition, development of data requests, a twenty (20) day turn around on responses, analysis of these initial data requests responses, a potential second round of data request, another twenty (20) day turn around on response, a staff recommendation, testimony rounds, hearings and a Commission decision.

Mo. Reg., Vol. 29, No. 8, p. 665 (April 15, 2004).  We do not see this comment as excluding supplemental petition filings.  The Commission recognized that the ISRS review process was limited in time and scope and thus steps needed to be taken to provide for "timely processing of the ISRS petitions, cost true-ups and prudency reviews permitted by the statutes." *Id.*  To accept the OPC's interpretation would unnecessarily frustrate the ISRS petition process.  Otherwise eligible projects would be automatically excluded for the smallest of filing deficiencies instead of allowing the accepted practice that is currently utilized by Staff, utilities, and the OPC, where supplemental discovery and materials freely flow between the parties allowing a thorough and complete review of ISRS petitions.  We find that the Commission does have the discretion to allow a party to supplement its ISRS petition after it has been filed. We believe that the Commission's Report and Order was consistent with the statute, regulations, and the Commission's stated purpose for its rules regarding both.

If the Commission had found that the Staff could not adequately conduct its review because of the budgeted information or the delay in the filing of the supplemental documentation or had the Commission awarded the ISRS based on the budgeted information without the proper actual cost documentation being considered, this Court's ruling may be different and an abuse of discretion may have been found. However, such is not the case.[4] Nothing in section 393.1015.1(1) or 4 CSR 240-3.265(20) prevents the Commission from accepting budgeted information at the time a petition is filed, to be later timely supplemented with updated documentation, so long as such acceptance does not prevent a full and through review of the ISRS petition.[5] This brings the Court to the second step in our review process.

Review of the Commission's order is a two-step process. Having first determined that the Commission's Report and Order was lawful, we must now determine whether it was reasonable. OPC argues that, by allowing certain documentation to be updated, they

---

[4] The same is true for OPC's argument that, had the ISRS remained unchallenged, the ISRS change would have gone into effect before the finalized August costs were available and thus, the ISRS would have included budgeted information. The ISRS scheme was challenged and, thus, that is not the case before us and we will not speculate as to whether such a situation would have been found proper.

[5] OPC's argument regarding filing requirements under section 393.1015 states at two points that the July and August plant additions were not 'in service and used and useful' as required for ISRS eligibility under filing requirements of section 393.1009. In a corresponding footnote, OPC makes no mention of July and states that it was "likely" that the August replacements occurred after the Petitions were filed on August 3. The only support for this contention cited is Laclede's testimony regarding the actual August expenditures exceeding the budgeted amounts. This issue was not properly raised in a Point Relied On. Rule 84.04(d)(2) prohibits arguments that are not included in a party's Point Relied On. "The function of this rule is to give notice to the opposing party of the precise matters which much be contended with and to inform the court of the issues presented for review." *Moseley v. Grundy Cty. Dist. R-V Sch.*, 319 S.W.3d 510, 512 (Mo. App. E.D. 2010). Even were this Court to review the claim *ex gratia*, despite not having been properly raised, we have before us no argument or evidence regarding any specific project or dates of service. The statement itself is equivocal where OPC notes that the August projects were "likely" not in use with no relevant citation to the record. OPC does not even raise an argument that the shortened time period prevented investigation into whether the August projects were "in use." As such, we will not, and cannot, consider such a claim.

11

lacked the ability to properly review those projects, which renders the Commission's decision unreasonable. OPC argued to the Commission that the budged number is "just a number."

> [T]hat doesn't really tell us anything. Doesn't tell us where they are, why they think those are going to be installed, what the project numbers are so we can send a DR, saying let's see those projects. We have no idea.

While these statements may be true, it does not automatically follow that this prevented adequate review. Essentially, the OPC argues that without project numbers they could not request follow-up information on the budgeted projects. But, there is no indication as to why this should be the case. The July and August projects were all of the same type and character of the other projects of the ISRS Petitions--replacement of deteriorated gas pipeline--which parties agree were projects eligible for ISRS recoupment. Under these circumstances, we see no reason why the OPC could not have requested additional materials on the planned projects--such as location and reason for installation--prior to receiving the updated materials by simply referencing the July and August budgeted projects. Taking this approach would have alleviated any concern on the part of the OPC that it could not adequately request discovery prior to the scheduled Hearing. Further, Staff testified at the Hearing that, at times, they coordinate with the OPC to allow joint hearings. This coordination allows for a faster review process.

Beyond not being as limited in time as it would initially appear, OPC presents no compelling argument why they could not complete a review of the updated materials after they were provided by Laclede. The Commission found that the Staff began by reviewing the expense records provided at the time the Petitions were filed, later moving to the July

12

and August expenses as records were supplemented. Despite not having all the records with the filing of the Petitions, the Staff had "sufficient time to conduct a review of the work papers and work orders associated with the true-up information provided by Laclede for the months of July and August." As OPC notes, the Commission only addressed these findings to the Staff's review and not the review of the OPC. OPC, however, presents no compelling argument as to why they were unable to conduct a similar review in the time allotted.[6] OPC contends that, following the supplementation of the August costs, it only had seventeen days for review, which is insufficient for the filing of discovery requests to fully investigate Laclede's requests. The OPC auditor reviewing the case testified that: "I personally was working on a couple other cases at the time, and this one kind of got pushed to the wayside for a little while and -- yeah, I guess I didn't have enough time." While we appreciate that OPC had a truncated time period during which to conduct its review, there was no testimony that such a review was not possible had the review been prioritized, utilized a second auditor, or begun based on the budgeted information as the Staff did.

We find that the Commission was not prohibited from accepting supplemented or true-up materials from Laclede after the filing of the Petition, in the Commission's discretion. Further, we find that under the particular circumstances of this case, the Commission did not abuse its discretion in finding that the Staff had sufficient time to review the Petitions and make recommendations. There was no basis for OPC failing to

_____

[6] To the extent that the Commission only inquired as to its Staff's ability to timely review the supplemented materials, we find that a better practice would have been to inquire both of the Staff and the OPC. Although not required by statute, this may alleviate the need for future litigation should the Commission choose to continue to allow budgeted materials which are later timely and properly supplemented with actual figures to be included with ISRS petitions.

13

do the same. Therefore, the Commission did not error in including Laclede's ISRS costs for July and August in its Report and Order.

Point denied.

## II.

OPC's second point on appeal contends that the Commission erred in approving Laclede's ISRS Petitions because it violated OPC's right and obligation to represent the public under sections 386.710 and 393.1015 by denying to it due process. "The procedural due process requirement of fair trials by fair tribunals applies to an administrative agency acting in an adjudicative capacity." *State ex rel. AG Processing, Inc. v. Thompson*, 100 S.W.3d 915, 919 (Mo. App. W.D. 2003).

At issue in this allegation is the question of OPC's role in an ISRS review process. The OPC is charged with the duty, in its discretion, to "represent and protect the interest of the public in any proceeding before or appeal from the public service commission." Section 386.710.1(2).

OPC took issue with the Commission's Order which concluded:

Budgeted (estimated) project information meets the statutory and regulatory requirement for the initial petition filing. *So long as Staff has sufficient time to perform an effective review* of ISRS eligibility within the sixty days allowed by the ISRS statute, the budgeted July and August documents, along with the actual expense records provided after the filing of the petitions are acceptable.

OPC notes that the Order focuses exclusively on the Staff's ability to perform an effective review without any reference to the OPC. While we certainly recognize that the Commission failed to mention the OPC's ability for review in its Order, simply failing to

14

mention the office does not mean that the OPC was denied its rights to represent the public in this case. Both the OPC and Staff were given the same amount of time from the filing of the Petitions, July supplement, and August supplement to review the materials. Certainly, the Commission cannot completely remove the OPC's ability to enter into a proceeding and represent the public. *See State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 236 S.W.3d 632, 637 (Mo. banc 2007) (allowing OPC a mere one hour and twenty minutes to file in a proceeding was unreasonable and required the Commission to vacate its tariff award); *State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 409 S.W.3d 522, 527-28 (Mo. App. W.D. 2013) (only granting OPC two days in which to request rehearing and file an appeal was a violation of OPC's due process rights). However, in this case the OPC has failed to establish that the reduction in time to seventeen days to complete review on two limited areas of the ISRS Petitions rose to the level of denying OPC an ability to protect the public's interests.

OPC further argues that, although it had seventeen days from the filing of the August supplement to the end of the sixty-day review period to review the materials, due process was violated because such timing prevented discovery. Because Laclede is given twenty days to respond to discovery, OPC would not have obtained necessary documents prior to the Hearing. Although this may generally be the case, as the Commission points out, however, the Commission may, in its discretion, reduce the time period for responding to such requests. In fact, the Report and Order notes that, in this case, the Commission adopted a schedule that limited the time to respond to discovery to five business days after October 2. We will not speculate as to the validity of the Report and Order had,

15

hypothetically, the Commission denied OPC discovery by refusing to adjust the response time from Laclede. That is not the case before this Court. Before this Court is no concrete argument or evidence that OPC was denied due process in its review of the ISRS Petitions. It received the same information as the Staff at the same time. The Staff began its review with the finalized projects and had sufficient time to review the July and August projects once the budgeted numbers were supplemented with the finalized amounts. The only testimony from the OPC regarding its inability to complete a review was because its auditor had other cases and this case "got pushed to the wayside for a little while." Under such circumstances, we will not overturn the Commission's Report and Order as a violation of due process.

Point denied.

### III.

OPC's final point on appeal alleges that the Commission's Report and Order was unreasonable because the costs for July and August are not supported by competent and substantial evidence. It alleges that "no actual details associated with the July and August costs were filed with the [Commission] and no actual cost documentation or calculations are included in the case record."

An order is reasonable if it is supported by substantial competent evidence on the whole record, the decision of the Commission is not arbitrary or capricious or where the Commission has not abused its discretion. *Praxair, Inc.*, 344 S.W.3d at 184. Evidence and all reasonable supporting inferences are viewed in the light most favorable to the Commission's order. *State ex rel. Pub. Counsel v. Pub. Serv. Comm'n*, 289 S.W.3d 240,

16

246-47 (Mo. App. W.D. 2009). Documents "not contained in the legal file are not part of the record and will not be considered on appeal." *In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo. App. S.D. 2001). "Nevertheless, a statement of fact asserted in one party's brief and conceded as true in the opposing party's brief may be considered as though it appears in the record." *Id.*

The argument between the parties is over the semantics of the term "filed." All parties are in agreement that Laclede supplemented its July and August budgeted costs with actual costs as they became available on August 14 and September 14 and 15. The Commission's Order specifically notes that "actual expenses" were provided to the Staff on those dates. OPC does not challenge the accuracy of the Commission's findings. Nor does OPC argue that it did not actually receive the actual expenses on the same dates as the Staff. It appears, however, that the updated documentation may not have been formally filed as an amendment to the Petitions with the Commission. To the extent this matters, it is only to determine whether there was sufficient evidence upon which the Commission could decide its Report and Order.

Laclede argues that section 393.1015 requires no formal "filing" of supporting documentation but only that such documentation be "submitted." Further, to the extent it was necessary to be part of the formal record, the Staff Report and Recommendation was verified, entered into the record, and the respective affiants that contributed to the report were subject to cross examination. The supplemented information was referred to and relied on in the Report and Order and became part of the official record.

17

We need not decide whether the section 393.1015 requirement of submission requires a formal filing. The parties all agree that the supplemental information was provided to the proper parties, including OPC. It was analyzed and reviewed by the Staff in making its Recommendation and Report. The Commission relied on the information in deciding its Report and Order.

To the extent that OPC challenges the sufficiency of the supplemented documents, they were not included in the legal file. OPC was responsible for preparing the legal file with all necessary evidence required for our review. Rule 81.12.[7] We cannot review whether they were sufficient where they have not been included in the legal file. This Court will not overturn the Order of the Commission as unsupported by substantial evidence simply because OPC failed to include all evidence considered by the Commission in the legal file and chose instead to argue on appeal that it was merely "submitted" and not "filed."

Point denied.

## Conclusion

We find that the Commission did not err on any of the grounds raised by OPC. We affirm the Report and Order of the Commission.

_____
Gary D. Witt, Judge

All concur

---

[7] All rule references are to Missouri Supreme Court Rules (2016).

18