In the Matter of the Application of **LACLEDE GAS COMPANY TO CHANGE ITS INFRASTRUCTURE SYSTEM REPLACEMENT SURCHARGE IN ITS LACLEDE GAS SERVICE TERRITORY, Respondent,**

v.

**OFFICE OF THE PUBLIC COUNSEL, Appellant.**

**WD 79830**

Missouri Court of Appeals, Western District.

OPINION FILED: March 28, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2017

Application for Transfer Denied June 27, 2017

John D. Borgmeyer, Jefferson City, MO, for respondent Public Service Commission

Rick E. Zucker, St. Louis, MO, for respondent Laclede and MGE.

Marc D. Poston, Jefferson City, MO, for appellant.

Before Division Two: Cynthia L. Martin, Presiding Judge, Lisa White Hardwick, Judge and Alok Ahuja, Judge

Cynthia L. Martin, Judge

The Office of Public Counsel ("OPC") appeals from the Missouri Public Service Commission's ("Commission") report and order approving two petitions filed by Laclede Gas Company ("Laclede") to change Infrastructure System Replacement Surcharges ("ISRS") in its Laclede Gas service territory and in its Missouri Gas Energy ("MGE") service territory. OPC argues that the report and order is unlawful and unreasonable because Laclede's petitions included estimated costs for two months of infrastructure improvements, and the actual cost information for these improvements was not submitted until after Laclede's petitions were filed. OPC asserts that this violated ISRS filing requirements, prevented meaningful review of the ISRS petitions, and violated OPC's ability to protect the public's right to due process. We affirm.

## Procedural and Regulatory Background

Laclede is a public utility incorporated under the laws of the State of Missouri that transports and distributes natural gas to customers in eastern Missouri through its Laclede Gas division, and to customers in western Missouri through its MGE division. Laclede operates as a "gas corporation" and "public utility" as those terms are defined in section 386.020.[1] Laclede is subject to the jurisdiction of the Commission as provided in Chapters 386 and 393.

The Legislature created the Commission to serve as the state administrative agency tasked with the regulation of public utilities, including gas corporations, in Missouri. *State ex rel. MoGas Pipeline, LLC v. Mo. Pub. Serv. Comm'n*, 366 S.W.3d 493, 496 (Mo. banc 2012) (citing section 386.040; section 386.250(1)). The Commission employs technical experts ("PSC

1. All statutory references are to RSMo 2000 as currently supplemented unless otherwise provided.

Staff") who are responsible for representing the Commission and State of Missouri in all Commission investigations, contested cases, and other proceedings unless PSC Staff timely files a notice of its intention not to participate in a proceeding. OPC is separate from the Commission and PSC Staff. OPC has the statutory authority to represent and protect the interests of the public in any proceeding before the Commission or any appeal from an order by the Commission. Section 386.710.

The Legislature created ISRS to allow for single-issue ratemaking so that gas corporations could recover the costs associated with certain government-mandated infrastructure replacement projects outside a general ratemaking case. *See* sections 393.1009, 393.1012, 393.1015.

> Under the ISRS statutes, in order for a gas company's infrastructure replacement costs to be recovered via an ISRS, they must arise from an "eligible infrastructure system replacement." *See* [sections] 393.1009(1) and 393.1012.1. Pursuant to section 393.1009(3), "eligible infrastructure system replacements" are "gas utility plant projects" that meet certain specific criteria. "Gas utility plant projects" are defined in section 393.1009(5) as projects that consist of materials or components "installed to comply with state or federal safety requirements as replacements for existing facilities that have worn out or are in deteriorated condition," "projects extending the useful life or enhancing the integrity of pipeline system components undertaken to comply with state or federal safety requirements," and "[f]acilities relocations required due to construction or improvement of a highway, road, street, public way, or other public work."

*In re Laclede Gas Co.*, 417 S.W.3d 815, 820–21 (Mo. App. W.D. 2014) (footnote omitted). In other words, there are three categories of infrastructure replacement costs that a gas corporation may recover through an ISRS: (1) those costs associated with replacements; (2) those costs associated with improvements and enhancements that defer replacements; and (3) those costs associated with government-mandated relocations.

To establish or change an ISRS, the gas corporation must "file a petition and proposed rate schedules with the commission." Section 393.1012.1. The petition and proposed rate schedules must be accompanied by "supporting documentation regarding the calculation of the proposed ISRS," and the gas corporation must serve OPC with a copy of the petition, proposed rate schedules, and supporting documentation. Section 393.1015.1(1). The required supporting documentation is outlined in 4 CSR 240-3.265(20). Most applicable to this appeal are 4 CSR 240-3.265(20)(K) and (L), which provide in relevant part:

> (K) For each project for which recovery is sought, the net original cost of the infrastructure system replacements (original cost of eligible infrastructure system replacements, including recognition of accumulated deferred income taxes and accumulated depreciation associated with eligible infrastructure system replacements which are included in a currently effective ISRS), the amount of related ISRS costs that are eligible for recovery during the period in which the ISRS will be in effect, and a breakdown of those costs identifying which of the following project categories apply and the specific requirements being satisfied by the infrastructure replacements for each:
>
> . . . .
>
> (L) For each project for which recovery is sought, the statute, commission order, rule, or regulation, if any, requiring the

project; a description of the project; the location of the project; what portions of the project are completed, used and useful; what portions of the project are still to be completed; and the beginning and planed end date of the project.

PSC Staff uses the supporting documentation required by 4 CSR 240–3.265(20) to "examine information of the gas corporation to confirm that the underlying costs are in accordance with the provisions of sections 393.1009 to 393.1015, and to confirm proper calculation of the proposed charge." Section 393.1015.2(2). Following its review of the petition, proposed rate schedules, and supporting documentation, PSC Staff "may submit a report regarding its examination to the commission not later than sixty days after the petition is filed." *Id.* The Commission may then hold a hearing on the petition and must "issue an order to become effective not later than one hundred twenty days after the petition is filed." Section 393.1015.2(3).

On February 1, 2016, Laclede filed two petitions ("ISRS Petitions") seeking to adjust the ISRS to reflect infrastructure replacement costs between September 1, 2015, and February 29, 2016, in its Laclede Gas and MGE service territories. The ISRS Petitions attached actual cost information and supporting documentation for projects completed between September 1, 2015, and December 31, 2015. The ISRS Petitions estimated expenditures for projects in January and February 2016, and thus did not attach supporting documentation for these expenditures.

Laclede supplemented the ISRS Petitions with actual cost information and supporting documentation for the January 2016 infrastructure replacement costs on February 9, 2016, and did the same for the February 2016 infrastructure replacement costs on March 9, 2016. PSC Staff filed its recommendation approving the ISRS requests on April 1, 2016, sixty days after Laclede filed the ISRS Petitions.

OPC opposed the ISRS Petitions. In its motion for an evidentiary hearing, OPC explained:

> OPC opposes the proposed ISRS increases because Laclede seeks to include infrastructure replacement costs that were not incurred at the time the petitions were filed and were not properly documented with the petitions. Laclede's attempt to supplement its petitions with millions of dollars in costs not originally included is unlawful. Accordingly, such costs are not eligible for ISRS surcharge recovery in *this* ISRS petition but may be included in Laclede's *next* ISRS petitions should they otherwise satisfy the eligibility criteria established by statute.

The Commission conducted a hearing on April 26, 2016.

Following the hearing, the Commission issued its report and order ("Report and Order") on May 19, 2016. The Report and Order found that the use of budgeted estimates for those projects completed in January 2016 and February 2016 was consistent with ISRS statutes and applicable regulations promulgated by the Commission. The Commission also found that PSC Staff had sufficient time to perform an effective audit of the ISRS Petitions to determine that all projects submitted by Laclede were eligible under the ISRS statutes. Further, the Commission found that OPC did not attempt to conduct an audit of either of Laclede's petitions. The Commission found that Laclede had met its burden to establish that the projects submitted for approval for the period beginning September 1, 2015, and ending February 29, 2016, were ISRS eligible, and ordered Laclede to utilize the PSC Staff's rate design in adjusting the ISRS.

OPC filed an application for rehearing on May 26, 2016, which the Commission denied on June 1, 2016.

OPC appeals.

## Standard of Review

 Pursuant to section 386.510, we review the Commission's order to determine whether it is lawful and reasonable. *Mo. Pub. Serv. Comm'n v. Union Elec. Co.*, No. WD79406, 2016 WL 7094039, at *6 (Mo. App. W.D. Dec. 6, 2016). "The Commission's order 'has a presumption of validity, and the burden of proof is on the appellant to prove that the order is unlawful or unreasonable.'" *Id.* (quoting *Office of Pub. Counsel v. Mo. Pub. Serv. Comm'n*, 409 S.W.3d 371, 375 (Mo. banc 2013)).

 "The lawfulness of the [Commission's] order is determined by 'whether statutory authority for its issuance exists, and all legal issues are reviewed *de novo*.'" *In re Verified Application & Petition of Liberty Energy (Midstates) Corp.*, 464 S.W.3d 520, 524 (Mo. banc 2015). If we find the Commission's order is unlawful, we need not reach the issue of the reasonableness of the Commission's order. *Id.* If we find the Commission's order is lawful, then we must determine whether the Commission's order is reasonable. *Id.* "The [Commission's] order is determined to be reasonable when 'the order is supported by substantial, competent evidence on the whole record; the decision is not arbitrary or capricious[;] or where the [Commission] has not abused its discretion.'" *Id.* (quoting *State ex rel. MoGas Pipeline, LLC*, 366 S.W.3d at 496).

## Analysis

OPC raises two points on appeal. First, OPC asserts that the Report and Order's approval of Laclede's ISRS increases is unlawful and unreasonable because the ISRS Petitions did not comply with the filing requirements of section 393.1015 and 4 CSR 240–3.265(20). Second, OPC argues that the Report and Order is unlawful and unreasonable because the Commission violated OPC's right and obligation to represent the public, thus violating the public's right to due process. Both of OPC's points on appeal contest the Commission's practice of permitting gas corporations to estimate the cost of infrastructure improvements in an ISRS petition, subject to later submission of actual cost information and supporting documentation.

### Point One: Compliance with the filing requirements of section 393.1015 and 4 CSR 240–3.265(20)

OPC's first point on appeal asserts that the Commission's Report and Order is both unlawful and unreasonable. OPC argues that the Report and Order is unlawful because ISRS statutes and regulations required Laclede to submit actual cost information and supporting documentation for all infrastructure improvements covered by the ISRS Petitions at the time the petitions were filed. OPC argues that the Report and Order is unreasonable because competent and substantial evidence does not support the Commission's conclusion that PSC Staff had the ability to conduct a meaningful audit of the actual cost information and supporting documentation submitted after Laclede's ISRS Petitions were filed. We address OPC's arguments separately.

OPC raised an identical lawfulness concern in *Matter of Verified Application & Petition of Laclede Gas Co. v. Office of Public Counsel*, 504 S.W.3d 852 (Mo. App. W.D. 2016). There, OPC appealed from the Commission's report and order approving petitions for Laclede to change its ISRS based on infrastructure projects completed from March 1, 2015, through August 31,

2015. *Id.* at 856–57. Laclede's petitions included estimates for July and August 2015 infrastructure costs, which estimates were replaced by subsequently filed actual cost information and supporting documentation. *Id.* at 856. On appeal, OPC argued that the petitions included estimates for July and August 2015 without the required supporting documentation in violation of section 393.1015 and 4 CSR 240–3.265(20), rendering the Commission's report and order unlawful. *Id.* at 857–58. We rejected this argument. *Id.* at 860.

We concluded that neither section 393.1015 nor 4 CSR 240–3.265(20) prohibit the inclusion of budgeted cost expenditures in ISRS petitions. *Id.* at 859–60. Section 393.1015 requires that an ISRS petition include supporting documentation at the time the petition is filed and sets forth a list of information that must be included. *Id.* at 859. The same statute also gives the Commission authority to promulgate rules for the implementation of the ISRS recovery process as long as the rules " 'are consistent with, and do not delay the implementation of' " the ISRS statutes. *Id.* at 859–60 (quoting section 393.1015.11). In furtherance of the documentation requirement, the Commission promulgated 4 CSR 240–3.265(20)(K) and (L). *Id.* at 858. The plain language of 4 CSR 240–3.265(20)(K) and (L) do not "prevent the supporting documentation in the [ISRS petitions] to be updated as information becomes available." *Id.* at 859. To hold otherwise would frustrate the mandate of section 393.1015.11 to develop rules that are consistent with the ISRS process. *Id.* at 860. Thus, "[n]othing in section 393.1015.1(1) or 4 CSR 240–3.265(20) prevents the Commission from accepting budgeted information at the time a petition is filed, to be later timely supplemented with updated documentation, so long as such acceptance does not prevent a full and thorough review of the ISRS petition." *Id.* As a result, we held that the Commission's report and order allowing an ISRS adjustment for projects completed in July and August 2015 was lawful. *Id.* at 860.

■ Our decision in *Laclede Gas Co. v. Office of Public Counsel* is controlling on the issue of the lawfulness of the Commission's Report and Order in this case. Laclede's inclusion of cost estimates in its ISRS Petitions, and its later supplementation of the ISRS Petitions with actual cost information and supporting documentation in lieu of those estimates, was not categorically unlawful pursuant to section 393.1015 or 4 CSR 240–3.265(20). OPC recognizes as much in its reply brief but nonetheless urges us to reconsider our decision in *Laclede Gas Co. v. Office of Public Counsel*. We decline to do so. The Commission's Report and Order is lawful.

We next turn to OPC's contention that the Report and Order is unreasonable, requiring us to determine whether the Report and Order is supported by competent and substantial evidence on the whole record, is arbitrary or capricious, or is an abuse of discretion. *Liberty Energy Corp.*, 464 S.W.3d at 524. OPC argues that the "Report and Order relies solely upon the PSC Staff's claimed ability to conduct a meaningful audit," though "the facts before the [Commission] do not support a finding that ... the [PSC] Staff ... had sufficient time to conduct an ISRS audit in the time permitted by Laclede's late submission of supporting documents thirty-seven days after filing the petition and twenty-three days before the auditing process is completed." [Appellant's Brief, p. 30] OPC further argues that, as a result of the truncated time for review, PSC Staff completed a weak audit, which resulted in the Report and Order being arbitrary and capricious or an abuse of discretion.[2]

---

2. Laclede argues in its brief that OPC's argument that PSC Staff's audit was insufficient is

OPC's reasonableness argument is not foreclosed by our decision in *Laclede Gas Co. v. Office of Public Counsel*, as we held in that case that "[n]othing in section 393.1015.1(1) or 4 CSR 240-3.265(20) prevents the Commission from accepting budgeted information at the time a petition is filed, to be later timely supplemented with updated documentation, *so long as such acceptance does not prevent a full and thorough review of the ISRS petition*." 504 S.W.3d at 860 (emphasis added). In other words, although it is not categorically unlawful for ISRS petitions to include estimated costs that are later replaced by supplemental materials detailing actual costs, it may nonetheless be unreasonable to approve an ISRS for costs first estimated in an ISRS petition if late supplementation of the petition with actual cost information impairs meaningful review of the ISRS petition.

■ Here, the Commission found that PSC "Staff had adequate time to review the true-up information and communicate with Laclede's personnel before filing its recommendation on April 1," and that PSC "Staff had sufficient time to perform an effective ISRS audit, including a review of the information for January and February 2016 projects." Competent and substantial evidence on the whole record supports the Commission's finding.

The ISRS statutes give PSC Staff the option to conduct a limited, in both scope and time, review of an ISRS petition, the accompanying rate schedules, and supporting documentation. Section 393.1015.2. PSC Staff's review of the ISRS petition and accompanying rate schedules and supporting documentation is limited to "con-

firm[ing] that the underlying costs are in accordance with the [ISRS statutes]" and to "confirm[ing] proper calculation of the proposed" ISRS. Section 393.1015.2(2). Any other issues, including the prudence of the infrastructure expenditures or any other ratemaking issues, are outside the scope of PSC Staff's review. Section 393.1015.2(2) gives PSC Staff sixty days after the filing of the ISRS petition to complete the review and submit a report regarding its findings to the Commission. The Commission has 120 days after the filing of the petition to issue an order either authorizing or denying the creation of or the change to an ISRS. Section 393.1015.2(3).

Brian Wells ("Wells"), an auditor employed by PSC Staff, conducted the review of the Laclede's ISRS petition for its Laclede Gas service territory, the accompanying rate schedules, and supporting documentation. Wells testified that PSC Staff received the supporting documentation for the January and February 2016 infrastructure costs on March 9, 2016, and thereafter reviewed "a sample of work orders related to costs incurred between January 1, 2016, and February 29, 2016." According to Wells, PSC Staff "had adequate time to review [the updated] information and communicate with Laclede personnel" prior to PSC Staff filing its report regarding its findings on April 1, 2016.

Jennifer Grisham ("Grisham"), an auditor employed by PSC Staff, conducted the review of Laclede's ISRS petition for the MGE service territory, the accompanying rate schedules, and supporting documentation. Grisham testified that PSC Staff received the supporting documentation for

---

not properly raised in the first point relied on, and is thus not preserved for our review. We disagree. Though OPC's point relied on could have been more specific, whether the truncated period for reviewing actual cost informa-

tion for projects completed in January and February 2016 impaired PSC Staff's ability to conduct a meaningful audit is plainly encompassed within the scope of OPC's objection to the reasonableness of the Report and Order.

the January 2016 infrastructure costs on February 9, 2016, and for the February 2016 infrastructure costs on March 9, 2016. Grisham testified that PSC Staff "had adequate time to review [the updated] information and communicate with MGE personnel" prior to PSC Staff filing its report regarding its findings on April 1, 2016.

Mark Oligschlaeger ("Oligschlaeger"), the manager of PSC Staff's auditing department, testified that PSC Staff's review of the ISRS Petitions, accompanying rate schedules, and supporting documentation was limited to determining whether the infrastructure replacement costs being claimed by Laclede were eligible for recovery under the ISRS statutes and to determining whether Laclede made proper calculations. To that end, the PSC Staff reviewed the work order authorization sheets, updated work papers, and a sample of invoices. The work order authorization sheets represented a sampling of all projects of $50,000 or more and constituted approximately 75 percent of the total dollar amounts requested by Laclede. According to Oligschlaeger, the sampling technique used by PSC Staff was consistent with standard auditing practices.

OPC offered the testimony of Charles Hyneman ("Hyneman"), the chief public utility accountant for OPC and former auditor for the PSC Staff. Hyneman testified that the sixty-day time period "is not sufficient to adequately perform an audit if the petition is allowed to be updated during the very limited ISRS audit period." Hyneman explained:

> Laclede's petitions include a very large number of pipe and pipe component replacements, repairs, and relocations. A thorough review of an ISRS petition involves multiple determinations to ensure each project meets each eligibility standard. Adding plant investments and expenses into the sixty day period greatly

reduces the ability of the Staff and OPC to review the costs. This concern is magnified when Laclede Gas and MGE, the two largest gas systems in Missouri, file their ISRS petitions on the same day. This concern is additionally magnified because Laclede Gas and MGE have significantly increased their infrastructure replacements and, in turn, their ISRS claims.

Hyneman asserted that PSC Staff's practice of reviewing a sampling of work order authorization sheets was contrary to auditing standards. Hyneman claimed that PSC Staff should be auditing each work order authorization and that the work order authorization sheets alone did not provide enough information to conduct a meaningful review. Hyneman testified that auditing standards would require PSC Staff to verify, using source documents, that the information provided on the work order authorization sheets was accurate.

The Commission had before it competing evidence regarding PSC Staff's ability to conduct a meaningful review of the ISRS Petitions, and specifically, of the actual cost information and supporting documentation for January and February 2016 infrastructure improvements. The Commission also had before it competing evidence regarding the sufficiency of the auditing processes employed by PSC Staff. The Commission concluded that PSC Staff had sufficient time to conduct an audit of the ISRS Petitions, the accompanying rate schedules, and supporting documentation, and that "[t]he process [PSC] Staff has in place is consistent with the purpose of the ISRS Statutes—to incentivize capital investments in safety upgrades while allowing for a limited review." "We consider the evidence, along with all reasonable supporting inferences, in the light most favorable to the Commission's order." *State ex rel. Pub. Counsel v. Mo. Pub. Serv.*

*Comm'n*, 289 S.W.3d 240, 246–47 (Mo. App. W.D. 2009). " '[I]f substantial evidence supports either of two conflicting factual conclusions, [we are] bound by the findings of the administrative tribunal.' " *Id.* at 247 (quoting *State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n*, 120 S.W.3d 732, 735 (Mo. banc 2003)). Given this standard of review, we are bound by the Commission's findings that PSC Staff had sufficient time to conduct a meaningful audit of the ISRS Petitions, and did so employing appropriate processes.

The Commission's Report and Order is reasonable.

Point One is denied.

### Point Two: Public's Right to Due Process

OPC's second point on appeal asserts that the Commission's Report and Order is unlawful and unreasonable because it violates OPC's "right and obligation to represent the public under sections 386.710 and 393.1015 RSMo, and violate[s] the public's right to due process under Mo. Const. Art. 1, [section] 10." [Appellant's Brief, p. 32]

Section 386.710.1(2) gives OPC the power, in its discretion, to "represent and protect the interests of the public in any proceeding before or appeal from the public service commission." To aid in OPC's representation of the public in ISRS proceedings, a gas corporation must "serve [OPC] with a copy of its petition, its proposed rate schedules, and its supporting documentation." Section 393.1015.1(1).

OPC argues that the Commission's Report and Order ignored OPC's ability to perform an effective review of the ISRS Petitions. OPC's complaint with the Report and Order stems from the Commission's conclusion that "so long as [PSC] Staff has sufficient time to perform an effective review of ISRS eligibility within the sixty

days allowed under Section 393.1015.2(2), RSMo, the inclusion of estimates for January and February, along with the actual expense records provided after the filing of the petitions, are acceptable."

We rejected an identical argument in *Laclede Gas Co. v. Office of Public Counsel*, 504 S.W.3d at 862–63, where we explained:

> While we certainly recognize that the Commission failed to mention the OPC's ability for review in its Order, simply failing to mention the office does not mean that the OPC was denied its rights to represent the public in this case.

*Id.* at 862.

OPC next asserts that due to the truncated period of time to review the January and February 2016 infrastructure replacement costs, it was unable to conduct an audit of the ISRS petitions because such timing prevented discovery, thereby depriving the public's right to due process. This court was not persuaded when OPC made an identical argument in *Laclede Gas Co. v. Office of Public Counsel*:

> Both the OPC and [PSC] Staff were given the same amount of time from the filing of the Petitions, July supplement, and August supplement to review the materials. Certainly, the Commission cannot completely remove the OPC's ability to enter into a proceeding and represent the public. *See State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 236 S.W.3d 632, 637 (Mo. banc 2007) (allowing OPC a mere one hour and twenty minutes to file in a proceeding was unreasonable and required the Commission to vacate its tariff award); *State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 409 S.W.3d 522, 527–28 (Mo. App. W.D. 2013) (only granting OPC two days in which to request rehearing and file an appeal was a violation of OPC's due process rights).

However, in this case the OPC has failed to establish that the reduction in time to seventeen days to complete review on two limited areas of the ISRS Petitions rose to the level of denying OPC an ability to protect the public's interests. *Id.* at 862–63.

The same logics applies here. OPC and PSC Staff were given the same amount of time to audit the ISRS Petitions, proposed rate schedules, and supporting documentation. Each had sixty days from the filing of the petitions, fifty-two days from the filing of supplemented materials for the January 2016 completed projects, and twenty-three days from the filing of the supplemented materials for the February 2016 completed projects. Just as in *Laclede Gas Co. v. Office of Public Counsel*, here there was "no concrete argument or evidence that OPC was denied due process in its review of the ISRS Petitions" because OPC "received the same information as the [PSC] Staff at the same time." 504 S.W.3d at 863.

The Commission found that OPC did not attempt to conduct an audit of Laclede's ISRS Petitions. OPC does not contest this finding. OPC made no effort to audit the actual cost information or supporting documentation attached to the ISRS Petitions for infrastructure improvements made in September through December 2016. OPC made no effort to audit the supplemental actual cost information or supporting documentation later filed for infrastructure improvements made in January or February 2016. And though OPC argues on appeal that it was unable to conduct an audit of the ISRS Petitions because of late-filed actual cost information, Hyneman testified that "OPC is overwhelmed with rate cases right now and did not have resources to devote to the ISRS cases." There is no evidence that OPC's inability to audit the ISRS Petitions was caused by the fact that Laclede supplemented its ISRS Petitions with actual cost information and supporting documentation for January and February 2016 infrastructure improvements. *See id.* (rejecting claim that the public's right to due process was violated when the only evidence offered to explain OPC's failure to audit ISRS petitions was testimony that OPC's "auditor had other cases and [the ISRS cases] 'got pushed to the wayside for a little while' ").

The Commission's Report and Order did not violate the public's right to due process.

Point Two is denied.

### Conclusion

We affirm the Commission's Report and Order.

All concur